IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–03123–WJM–MDB

BOBBY E. HENARD,

    Plaintiff,

v.

MONICA ALBERS,
NURSE JANE DOE #2, and
DEPUTY HERBERT,

    Defendants.

**ORDER**

This matter is before the Court on Plaintiff's Motion to Serve Nurse #2 As to Obtain Correct Idenity (sic), as Need (sic) for Discovery and Production of Documents ["Motion for Jane Doe Discovery"]. (Doc. No. 49.) As directed by the Court, Defendants Albers and Herbert filed responses to the Motion for Jane Doe Discovery (Doc. Nos. 66; 67), to which Plaintiff has not replied. The deadline to reply has since lapsed. For the following reasons, the Motion for Jane Doe Discovery is **DENIED**.

Also before the Court is Plaintiff's Prisoner Motion for Appointment of Counsel ["Motion to Appoint Counsel"] (Doc. No. 37). No party has submitted a brief on the Motion to Appoint Counsel, and the deadline to do so has lapsed. For the following reasons, the Motion to Appoint Counsel is **DENIED without prejudice**.

**I.    BACKGROUND**

Plaintiff, a *pro se*[1] detainee at the Jefferson County Detention Facility ["JCDF"], commenced this action under the Title II of the Americans with Disabilities Act and 42 U.S.C. § 1983 on November 18, 2021. (Doc. No. 1.) On December 15, 2021, Plaintiff filed an Amended Prisoner Complaint, and on June 15, 2022, Plaintiff filed a Second Amended Prisoner Complaint. (Doc. No. 6; Doc. No. 22.) On July 28, 2022, the Honorable Lewis T. Babcock dismissed all Defendants named in the Second Amended Complaint ["SAC"], with the exception of Monica Albers, Nurse Jane Doe #2, and Deputy Herbert. (Doc. No. 28.) Plaintiff's remaining claims are a Fourteenth Amendment deliberate indifference claim against Defendant Albers, a Fourteenth Amendment deliberate indifference claim against Jane Doe Nurse #2, and a Fourteenth Amendment excessive force claim against Defendant Herbert. (*Id.*)

Defendant Herbert has answered the SAC. (Doc. No. 34.) Defendant Albers filed a Motion to Dismiss the SAC as it relates to her. (Doc. No. 60.) That Motion remains pending at the time of this Order. To date, no scheduling conference has taken place in this case. Likewise, the Court has not issued a scheduling order pursuant to Federal Rule of Civil Procedure 26(d).

To date, Plaintiff has failed to identify or serve Nurse Jane Doe #2. In the Motion for Jane Doe Discovery, Plaintiff seeks discovery from Defendant Albers and Herbert related to the identity of Nurse Jane Doe #2, specifically requesting the "release [of] the full idenity (sic) [of Nurse Jane Doe #2] or records of the 7D Module and 7th floor log books, on identifying who was the nurse contacted on 9-26-21" by an unnamed JCDF deputy. (Doc. No. 49 at 2.)

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

## II.   ANALYSIS

### A. Motion for Jane Doe Discovery

Plaintiff seeks discovery from Defendants Herbert and Albers regarding the identity of Jane Doe Nurse #2. As pointed out by Defendants, however, no scheduling conference has occurred, nor has the Court issued a scheduling order.² Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." As noted by Defendants, because Plaintiff is in custody, the matter is exempt from initial disclosures or a requirement to confer. *See* FED. R. CIV. P. 26(a)(1)(b)(iv); FED. R. CIV. P. 26(f)(1). Still, however, even under these conditions, discovery requests cannot be propounded until the Court has filed a scheduling order. *See Vontress v. Nevada*, No. 218CV01746RFBPAL, 2019 WL 1767887, at *3 (D. Nev. Apr. 22, 2019) (denying a *pro se* prisoner's motion to compel discovery as premature when "the court has not yet entered a discovery plan and scheduling order …. Thus, the time period for discovery has not started").

### B. Motion to Appoint Counsel

The decision as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d

---

² A scheduling conference will be held after Defendant Albers' Motion to Dismiss is ruled upon. (Doc. No. 60.)

3

836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the Court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

As a threshold matter, Plaintiff was granted leave to proceed *in forma pauperis* and is thus eligible for pro bono counsel. (Doc. No. 8.) In the Motion, Plaintiff says the action is predicated on allegations of deliberate indifference and excessive force. (Doc. No. 37 at 2.)

Plaintiff states the case has "complex issues" but does not elaborate further. (*Id.*) Plaintiff also says that he has written to "various attorneys" about representation but does not elaborate further. (*Id.*) Plaintiff states that the appointment of counsel will give him "sufficient means" to pursue his claims, "such as to respond [to Court orders and opposing filings] without deficiencies." (*Id.* at 3.) Plaintiff does not address the merits of his claims.

Upon review of the Motion, the docket, and the D.C.COLO.LAttyR 15(f) factors, the Court concludes that appointment of counsel is not warranted at this time. First, this Court is not convinced that the substantive issues in this case are so uniquely complex as to warrant the appointment of counsel at this juncture. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness"). Further, the Court notes that Plaintiff has succeeded in moving past the preliminary § 1915 screening process, indicating that he has articulated certain claims sufficiently, such that his SAC was inappropriate for summary dismissal. (Doc. Nos. 22; 28.) Plaintiff is also reminded that the Court will consider his lack of legal representation when reviewing his filings. Though the Court applies the same procedural rules and substantive law to Plaintiff as to a represented party, it "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

Finally, the Court notes the early procedural posture of this case—indeed, a Motion to Dismiss is still pending. (Doc. No. 60.) In light of this, the Court finds Plaintiff's Motion premature. However, should circumstances change as this case progresses, Plaintiff may file a motion requesting counsel at that time. *See, e.g.*, *Hill v. SER Jobs for Progress National, Inc.*,

No. 19-cv-1851-MDB, Doc. No. 74 at 2 (D. Colo. Oct. 3, 2022) (finding that the "interests of justice support the appointment of counsel for trial preparations and for the trial itself").

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED** that

1. The Motion to Serve Nurse #2 As to Obtain Correct Idenity (sic), as Need (sic) for Discovery and Production of Documents is **DENIED**,

2. The Prisoner Motion for Appointment of Counsel is **DENIED without prejudice**, and

3. The Clerk is directed to mail a copy of this order to Plaintiff at:

> Bobby E. Henard
> #01138778
> Jefferson County Detention Facility
> P.O. Box 16700
> Golden, CO 80402-6700