IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3123-WJM-MDB

BOBBY E. HENARD,

    Plaintiff,

v.

MONICA ALBERS,
JANE DOE NURSE #2, and
DEPUTY HERBERT,

    Defendants.

## ORDER ADOPTING THE JANUARY 30, 2024 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

    This matter is before the Court on the January 30, 2024 Recommendation by U.S. Magistrate Judge Maritza Dominguez Braswell (the "Recommendation") (ECF No. 125) that the Court: (1) deny Defendant Monica Albers ("Albers") and Jane Doe Nurse #2's ("Doe") (jointly, "Defendants") Motion to Dismiss [*pro se*] Plaintiff Bobby E. Henard's Third Amended Complaint ("TAC") Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") (ECF No. 114) as to Plaintiff's individual capacity deliberate indifference claims against Albers and Doe; and (2) grant the Motion as to Plaintiff's remaining claims and dismiss them with prejudice.[1]  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] In the Recommendation, the Magistrate Judge also denied Plaintiff's Motion for the Appointment of Counsel (ECF No. 118).  (ECF No. 125 at 18.)  However, that portion of the Motion was referred for an Order, rather than a Recommendation, and is therefore not under review in this Order.

Plaintiff filed a Motion to Object to Reconsider Jan. 30th, 2024 Finding of Dismissal, which the Court construes as Plaintiff's objections to the Recommendation ("Plaintiff's Objections").  (ECF No. 128.)  Albers filed a response to Plaintiff's Objections ("Albers's Response"); she did not file her own objections to the Recommendation.  (ECF No. 131.)  Doe did not object to the Recommendation.

## I. BACKGROUND

This lawsuit arises out of two incidents that occurred while Plaintiff was a pretrial detainee at the Jefferson County Jail.  (ECF No. 125 at 2–4.)  The Court assumes the parties' familiarity with the facts and incorporates by reference the Statement of the Case section contained in the Recommendation, which relies on the facts alleged in Plaintiff's TAC (ECF No. 110).[2]  (*See* ECF No. 125 at 2–4.)

## II. RECOMMENDATION[3]

Plaintiff originally filed this lawsuit in November 2021.[4]  (*See* ECF No. 1.)  On June 13, 2023, he filed the TAC, which is the operative pleading. (ECF No. 110.)  He brings claims against Albers in her individual and official capacities under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs under the Fourteenth Amendment, in connection with his sleep apnea and request for a CPAP machine.  He also claims that Albers violated the ADA.  Additionally, Plaintiff brings claims against

---

[2] The Court assumes the allegations contained in the TAC are true for the purpose of resolving the Motion.  See *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] Defendant Herbert did not moved to dismiss the claims against her, and accordingly, the Magistrate Judge explains that those claims are irrelevant to the Recommendation.  (ECF No. 125 at 4 n.6.)

[4] Plaintiff filed an Amended Complaint on December 15, 2021 (ECF No. 6) and a Second Amended Complaint on June 15, 2022 (ECF No. 22).

Doe in her individual and official capacities under § 1983 for deliberate indifference to his serious medical needs under the Fourteenth Amendment.

**A.     Defendant Albers**

        1.     <u>§ 1983 Individual Capacity Claim for Deliberate Indifference</u>

First, the Magistrate Judge recommended that the Court deny the Motion with respect to the § 1983 individual capacity claim against Albers.  (ECF No. 125 at 10.)  For the purposes of the Motion, Albers did not contest that Plaintiff's sleep apnea meets the first prong of a Fourteenth Amendment deliberate indifference claim: an objectively serious medical need.  (*Id.* at 8–9.)  Therefore, the Magistrate Judge solely addressed the subjective prong and concluded that Plaintiff sufficiently alleged that "Albers knew, through their meeting and Plaintiff's grievances, that Plaintiff suffered from sleep apnea and used a CPAP machine before arriving at Jefferson County Jail."  (*Id.* at 9 (citing ¶¶ 1–2, 4–6, 9–10, 14).)

She found that "Plaintiff also specifically alleges Defendant Albers 'knew' his sleep apnea was causing him to 'chok[e],' 'suffocate[e],' and 'hav[e] serious complications . . ., and yet took '5 ½ months' to procure a machine."  (*Id.* (citing ¶¶ 6, 13–14).)  And although the Magistrate Judge found Plaintiff's allegations regarding Albers's subjective beliefs concerning the likelihood significant harm could befall Plaintiff when she denied his requests for a CPAP machine were not specific, she cited case law from this District concluding that a court can "reasonably infer" that a medical professional would have such a subjective understanding.  (*Id.* at 10 (citing *West v. Scott*, 2010 WL 1258060, at *10 (D. Colo. Mar. 29, 2010) ("Mr. West does not clearly allege facts sufficient to plead the final element of this claim—Ms. Callwell's subjective belief that harm might befall Mr. West if the [CPAP] machine was not provided, but the

3

Court can reasonably infer from Ms. Callwell's medical training and awareness of Mr. West's existing prescription for a machine that depriving him of that machine might have.  Under these circumstances, Mr. West has adequately pled a deliberate indifference claim[.]").)  Although the Magistrate Judge noted that "this is a close call," considering the requirement that a *pro se* plaintiff's pleadings be reviewed liberally, she recommended that the Court deny this portion of the Motion.  (ECF No. 125 at 10 n.7.)

### 2. § 1983 Official Capacity Claim for Deliberate Indifference

Next, the Magistrate Judge recommended that the § 1983 official capacity claim for deliberate indifference against Albers be dismissed.  (ECF No. 125 at 12.)  She explained that this claim is essentially another manner by which a plaintiff may plead an action against a county or municipality and analyzed it as a *Monell* claim.  (*Id.* at 10–12.)  As an initial matter, the Magistrate Judge observed that Plaintiff's *Monell* claim may be properly brought against a "private corporation[] contracted to undertake activities usually fulfilled by a government, such as Wellpath's provision of health care services to Jefferson County Jail inmates."  (*Id.* at 11 (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations)).)  Accordingly, to successfully plead an official capacity claim against Albers, "Plaintiff 'must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom of' Wellpath."  (*Id.* (citation omitted).)

Because the Magistrate Judge recommended denying the Motion with respect to Plaintiff's individual capacity claim of deliberate indifference against Albers, she observed that the first prong of the official capacity claim was established.  (*Id.* at 12.)  However, she determined that Plaintiff did not plausibly allege a Wellpath policy of

4

custom with respect to the allegations at issue here. Rather, she concluded that "[a]t most, Plaintiff repeats the conclusory charge he was denied a CPAP machine as 'blanket policy' or 'as a policy, custom, or practice.'" (*Id.* (citing ¶¶ 2, 7–10).)  She concluded that Plaintiff failed to allege specific facts supporting this claim, such as describing a pattern or practice of alleging the existence of a document describing the practice, and recommended granting this portion of the Motion.  (*Id.*)

### 3. ADA Claim

Finally, the Magistrate Judge recommended that the Court dismiss Plaintiff's ADA claim against Albers.  (*Id.*)  She reiterated the ways in which a plaintiff may bring an ADA claim, stating that "[t]he ADA contains three titles which address discrimination against persons with disabilities in three contexts.  Title I bars employment discrimination, 42 U.S.C. § 12112, Title II bars discrimination in services offered by public entities, 42 U.S.C. § 12132, and Title III bars discrimination by public accommodations engaged in interstate commerce, such as restaurants, hotels, and transportation carriers, 42 U.S.C. §§ 12182, 12184."  (*Id.* at 12–13 (citation omitted).)  Although Plaintiff failed to specify under which Title of the ADA he proceeds, "because Titles I and III are facially inapplicable to Plaintiff's allegations, the [Magistrate Judge] construe[d] his claims as arising under Title II."  (*Id.* at 13.)

In the Recommendation, the Magistrate Judge explained the requirements to bring a claim under Title II:

> Per Title II of the ADA, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.  To state a claim under Title II, Plaintiff "must allege that (1) he is a qualified individual with a disability, (2) who was excluded

5

> from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007.)

(*Id.*)

Although Plaintiff alleges he is disabled under the ADA due to his sleep apnea (¶¶ 6–7), the Magistrate Judge found that Plaintiff "does not allege he was 'excluded from participation in or denied the benefits of a public entity's services, programs, or activities' due to his sleep apnea; Plaintiff alleges his sleep apnea was *mistreated*." (*Id.* at 13–14 (emphasis in original).) The Tenth Circuit has held that the "ADA [is] an improper vehicle for such allegations," finding "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act." (*Id.* at 14 (citing *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005).)  In addition, the Magistrate Judge cited one of the undersigned's former cases which found that "[Plaintiff] is attempting to cram a Fourteenth Amendment inadequate medical care claim, or medical negligence claim, into an ADA mold . . . . To make this claim sound anything like an ADA claim, [Plaintiff] would need to allege that the Hospital or the Entity Defendants failed to treat him *on account of his need for treatment*." (*Id.* (quoting *Ramsey v. S.W. Corr. Medical Group, Inc.*, 2019 WL 3252181, at *17 (D. Colo. July 19, 2019) (emphasis in original)).)

Given such authority, the Magistrate Judge recommended that Plaintiff's ADA claim be dismissed. (*Id.*)

**B.      Defendant Doe**

        1.      <u>§ 1983 Individual Capacity Claim for Deliberate Indifference</u>

With respect to Plaintiff's deliberate indifference claim against Doe individually,

6

the Magistrate Judge noted that Plaintiff made numerous allegations, including:

> • He was severely injured in an incident at Jefferson County Jail on September 26, 2021.
>
> • Following the incident, the "7D Unit Deputy" notified Defendant Doe that his "nose and eye was 'leaking excessive blood' ... and getting worse." Defendant Doe replied, "[s]he did not care, kite medical!" Defendant Doe eventually saw his injuries, but delayed treatment.
>
> • He was left in "extreme, excruciating pain" with a clogged nose for "9 hours." He struggled to breathe during this time.
>
> • Defendant Doe eventually "cleaned out blood from [his] face" but delayed in calling for "emergency outside care."
>
> • He eventually received care at "Lutheran Hospital" the same day as the incident. A "CAT scan revealed [a] broken nose, factures in [his] face and, [he] was treated for [a] punctured eye, given pain medication [and] eye drops."

(ECF No. 125 at 15 (citing ¶¶ 18–28).) For the purposes of the Motion, Doe did not contest that Plaintiff's alleged facial injuries constituted an objectively serious medical need, and therefore, the Magistrate Judge only analyzed the subjective prong of Plaintiff's claim.

After addressing Doe's arguments, the Magistrate Judge observed that Plaintiff not only alleged that Doe "improperly treated him," but he also alleged that Doe "declined to treat him on multiple occasions, first after being alerted to [his] condition by a guard and second after seeing Plaintiff's condition herself." (*Id.* at 16.) Additionally, she noted that Plaintiff alleged that he was not treated for nine hours after the incident. (*Id.*) Taking the allegations in the TAC as true, as the Court must at this stage of the litigation, the Magistrate Judge explained that "the question is not simply whether Plaintiff's allegations of mistreatment are sufficient to meet the subjective component,

7

but whether his allegations of mistreatment *and* delay are sufficient." (*Id.* (emphasis in original).)

Analyzing various relevant cases, the Magistrate Judge concluded that Plaintiff plausibly alleged that Doe was on notice of his severe injuries; however, Doe disregarded Plaintiff's need for treatment for hours, which led to "prolonged endurance of significant pain," which the Tenth Circuit has found sufficient to constitute a claim for deliberate indifference. (*Id.* (citing cases).) Therefore, she recommended that the Court deny this portion of the Motion. (*Id.* at 17.)

2. § 1983 Official Capacity Claim for Deliberate Indifference

The Magistrate Judge found that as with Plaintiff's official capacity claim against Albers, Plaintiff failed to identify a Wellpath policy or custom related to the incident in question. (*Id.* at 18.) Accordingly, she recommended that the Court grant this portion of the Motion.

### III. LEGAL STANDARDS

**A.  Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to

8

the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

### A.   Defendant Albers

Upon review of Plaintiff's Objections, the Court can discern no specific objections to the Recommendation.  As Albers explains in her Response, "[m]uch of the Objection is a recitation of Plaintiff's conclusory allegations against the Defendants, and the sections which are not such a recitation mischaracterize either the Recommendation or the legal standards in question." (ECF No. 131 at 2.)  The Court agrees, but to the extent the Court perceives even the slightest specific objection, it is discussed below and was reviewed *de novo*.

To the extent Plaintiff generally objects to the Recommendation's consideration of the factual or chronological allegations in the TAC, the Court, having reviewed the TAC and the Recommendation, overrules such an objection.  The Magistrate Judge thoroughly considered the relevant factual allegations.  (*See* ECF No. 125 at 2–4.)

Plaintiff makes fleeting statements that the Magistrate Judge was biased due to a failure to "consider all the request; complaints; grievances filed[.]"  (ECF No. 128 at 2.)  He also objects that "[the] Court has set a bar especially high as to biasly [*sic*] incorporate that the 'Complaint asserted that never ever had any inmate received 'services' as to receive a C-Pap Machine by the jail[.]"  (*Id.* at 3.)  Having thoroughly reviewed the Recommendation, the Court finds any allegations of bias are utterly without merit and overrules any such objection.

With respect to the ADA claim, Plaintiff's Objections consist of statements such as "Plaintiff object[s] to denial of ADA as where denial of his sleep machine for his 'serious' condition was a chronic care disability." (ECF No. 128 at 1.)  Defendants contend that Plaintiff's Objections "rest[] on [his] own misunderstanding of the language

10

of the ADA" and emphasize that Plaintiff alleged his sleep apnea was "mistreated." (ECF No. 131 at 3.) The Court agrees. The thrust of the Recommendation with respect to the ADA claim was that allegations of mistreatment fail to sufficiently allege a Title II ADA claim. (ECF No. 125 at 13.) Plaintiff's Objections do not specifically address these findings, and the Court overrules his Objections regarding the ADA claim.

Plaintiff's Objections in large part appear to attempt to address the Recommendation's conclusions concerning his official capacity claim against Albers. (ECF No. 128 at 3–7.) However, his objections merely repeat his allegation that Albers's denial of the CPAP machine was a "blanket policy." (*Id.*) Upon *de novo* review, the Court agrees with the Recommendation that such allegations fail to demonstrate "the existence of a pattern or practice or the existence of a document describing the practice." (ECF No. 125 at 12; ECF No. 131 at 3.) Accordingly, the Court overrules Plaintiff's Objections with respect to the official capacity claim against Albers.

In sum, having thoroughly reviewed the Recommendation, the Court overrules Plaintiff's Objections and finds no clear error with respect to the claims against Albers and fully adopts this portion of the Recommendation. *See Summers*, 927 F.2d at 1167.

**B.     Defendant Doe**

Plaintiff does not object to the Recommendation with respect to Doe. (*See* ECF No. 128.) Having reviewed the Recommendation, the Court finds no clear error with respect to the claims against Doe and fully adopts this portion of the Recommendation. *See Summers*, 927 F.2d at 1167.

**V. CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 126) is ADOPTED;

2. Plaintiff's Objections (ECF No. 128) are OVERRULED;

3. Defendants' Motion to Dismiss Plaintiff Bobby E. Henard's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 114) is GRANTED IN PART AND DENIED IN PART as follows:

    a. The Motion to Dismiss is DENIED as to Plaintiff's § 1983 individual capacity deliberate indifference claims against Defendants Albers and Doe;

    b. The Motion to Dismiss is GRANTED as to Plaintiff's remaining claims against Defendants Albers and Doe;

4. Plaintiff's § 1983 official capacity claim for deliberate indifference and ADA claim against Defendant Albers are DISMISSED WITH PREJUDICE;

5. Plaintiff's § 1983 official capacity claim for deliberate indifference against Defendant Doe is DISMISSED WITH PREJUDICE; and

6. Given that discovery has not yet commenced,[5] in order to move this action forward the Magistrate Judge is requested to set a Scheduling Conference as soon as practicable.

---

[5] On March 27, 2024, the Magistrate Judge issued a Minute Order denying Plaintiff's Motion for Permission of Discovery as Deemed Under Good Faith. (ECF No. 135.) She advised Plaintiff that "should this case survive Defendant's Motion to Dismiss, discovery will not commence until the Court issues a scheduling order." (*Id.* (citations omitted).)

Dated this 29th day of April, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge