**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-3123-WJM-MDB

BOBBY E. HENARD,

    Plaintiff,

v.

MONICA ALBERS,
LILA FERNANDEZ, and
DEPUTY HERBERT,

    Defendants.

---

**ORDER REVOKING HENARD'S *IN FORMA PAUPERIS* STATUS**

---

Before the Court are Defendants Jefferson County Deputy Sheriff Hebert, Monica Albers, and Lila Fernandez's (collectively, "Defendants") motions to revoke *pro se* Plaintiff Bobby E. Henard's *in forma pauperis* status ("Motions"). (ECF Nos. 291, 294.) The Motions are fully briefed.[1] (ECF Nos. 298, 303.) For the following reasons, the Motions are granted.

### I.    BACKGROUND

This lawsuit stems from two incidents that occurred while Henard was a pretrial detainee at the Jefferson County Jail. (ECF No. 125 at 2–4.) The Court assumes the parties' familiarity with the facts of this case by way of the Statement of the Case section contained in United States Magistrate Judge Maritza Dominguez Braswell's

---

[1] On September 11, 2025, the Court granted Henard's motion for "10 days extra to fully respond" to the Motions, setting a deadline for September 25, 2025. (ECF No. 302.) Despite this, however, Henard never supplemented his three-page response to the Motions.

Recommendation (*id.*), which draws from the facts alleged in Plaintiff's third amended complaint (ECF No. 110).

## II.   ANALYSIS

Defendants contend that, "[b]ecause Mr. Henard has at least five (5) strikes against him under Section 1915(g), he should be prohibited from further proceeding *in forma pauperis*." (ECF No. 291 at 3 (footnote omitted).)  As a remedy, Defendants ask the Court to "either keep his case administratively closed until such repayment occurs, or enter an order that dismisses this matter for failure to prosecute." (*Id.* at 4.)  Because the Court agrees that Henard's *in forma pauperis* status should be revoked, the Court will keep this case administratively closed unless and until he prepays his filing fees.

"Congress first enacted an *in forma pauperis* statute in 1892." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015).  It recognized that "no citizen sh[ould] be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).  Congress "therefore permitted a citizen to 'commence and prosecute to conclusion any such . . . action without being required to prepay fees or costs, or give security therefor before or after bringing suit." *Id.*  The statute permits an individual to litigate a federal action *in forma pauperis* if the individual files an affidavit stating, among other things, that they are unable to prepay fees "or give security therefor." 28 U.S.C. § 1915(a)(1).

But Congress also recognized that this statutory scheme could lead to the filing of "frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams,* 490 U.S. 319, 324,

2

(1989). So Congress enacted the Prison Litigation Reform Act of 1995, which "contains a variety of provisions designed to bring this litigation under control." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Pertinent to this matter is the "three strikes" rule contained in 28 U.S.C. § 1915(g), which reads in its entirety as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[T]he 'three strikes' provision of the [*in forma pauperis*] statute applicable to indigent prisoners[] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting § 1915(g)) (alteration in original).

Here, Defendants assert that Henard has filed 19 *pro se* lawsuits in the District of Colorado. (*See* ECF No. 291 at 1 n.1 (listing lawsuits and their case numbers).) Of these lawsuits, Defendants continue, "a [c]ourt in this District [has] entered a final judgment dismissing his action for failing to state a claim within the meaning of Section 1915(g)" on five different occasions. (*Id.* at 3.) Specifically, Defendants cite the following cases, which are appended as exhibits to their Motions:

- 23-cv-00287-LTB-KLM, at pp. 2–4 (offering Mr. Henard the opportunity to amend his Complaint to comply with Rule 8(a)), p. 8 (dismissing for failing to comply with Rule 8);
- 23-cv-00577-LTB-KLM, at pp. 2–4 (same), p. 10 (same);

3

- 23-cv-01407-LTB-SBP, at pp. 3–4 (same), p. 11 (same);

- 23-cv-02995-SBP, at pp. 2–3 (same), p. 10 (same);

- 23-cv-03072-LTB-SBP, at pp. 2–3 (same), p. 11 (same).

(*Id.* at 4.)[2]

The Court has reviewed these dismissal orders and concludes that they qualify as "strikes" under section 1915(g).  Significantly, Henard does not dispute this conclusion.  (*See generally* ECF No. 298.)  Instead, he maintains that (1) "a[t] no time did any Colorado Court deem to state a claim was a strike," and (2) his health condition(s)—namely, his sleep apnea—constitute an "imminent physical danger." (*Id.* at 1–2.)

But these arguments do not change the Court's conclusion.  First, Henard cites no authority, and the Court is aware of none, providing that a court must formally notify a detained plaintiff that a dismissal order qualifies as a strike under section 1915(g).  Henard's suggestion that such notice is required confuses the nature of the *in forma pauperis* statute.  The opportunity to proceed *in forma pauperis* is a statutory privilege that may be lost if a litigant abuses it.  *See, e.g., Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) ("[T]his court has 'the discretion to revoke that [*in forma pauperis*] privilege when it no longer serves its goals.'") (quoting *Treff v. Galetka,* 74 F.3d 191, 197 (10th Cir.1996)).  It is not a right to which a litigant must have unfettered access.

Second, while Henard seems to invoke section 1915(g)'s imminent danger exception, he does not meaningfully develop this argument in his three-page response.

---

[2] These citations and pin cites refer to exhibits B–F of Defendants' Motion.  (ECF No. 291 at 4.)

4

(*See generally id.*)  This alone defeats his imminent danger argument.  *See Crosby v. Tallion*, 2014 WL 4338798, at *2 (D. Colo. Aug. 28, 2014) ("To meet the 'imminent danger of serious physical injury' requirement, a prisoner must make specific and credible allegations to that effect.") (internal citations omitted); *see also Anderson v. Colvin*, 2013 WL 3216140, at *3 (D. Colo. June 25, 2013) (declining to consider "inadequately briefed, and therefore undeveloped, arguments").

And on the merits, Defendants cite several cases concluding that the failure to supply a plaintiff with a CPAP machine does not, by itself, "rise to the level of 'imminent danger' under § 1915(g)."  *See, e.g., Rife v. Emmons*, 2023 WL 11967774, at *2 (N.D. Ga. May 23, 2023) (collecting cases); *see also Alfred v. Winn Corr. Cent.*, 368 F. App'x 583, 583–84 (5th Cir. 2010) (affirming dismissal of prisoner complaint under section 1915(g) where plaintiff alleged that prison staff failed to treat his sleep apnea with a CPAP machine).

Given all this, the Court concludes that Henard is no longer entitled to the benefits provided by the *in forma pauperis* statute.  Accordingly, Henard must prepay "the entire filing fee before [this] federal court[] may consider his civil action[] . . . ."  *Hafed*, 635 F.3d at 1176.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS that:

1. The Motions are GRANTED.  (ECF Nos. 291, 294.)

2. Henard's *in forma pauperis* status is hereby **REVOKED**.

3. This action shall remain **ADMISTRATIVELY CLOSED** unless and until (1) Henard prepays the entire filing fee, and (2) with respect to Henard's ongoing

competency issue, the parties show good cause to reopen the case as outlined in the Court's Order at ECF No. 279.[3]

4. The remaining pending motions shall be **HELD IN ABEYANCE** unless and until this action is reopened. (ECF Nos. 281, 282, 285.)

Dated this 3rd day of December, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

---

[3] The Court opts to keep this case administratively closed, as that is the more modest form of relief Defendants seek in their Motions. Should Henard fail to prepay the filing fee within a reasonable amount of time, however, the Court will entertain a motion to dismiss this action without prejudice for failure to prosecute. *See Rife v. Emmons*, 2023 WL 11967774, at *2 (N.D. Ga. May 23, 2023) ("When § 1915(g) bars a prisoner from proceeding, 'the proper procedure is . . . to dismiss the complaint without prejudice.'") (citation omitted).